[803 NYS2d 601]

In the Matter of ELIZABETH C. O'CONNOR (Admitted as ELIZABETH CATHERINE O'CONNOR), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 26, 2005

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Gloria J. Anderson* of counsel), for petitioner.

*Robert A. Ungar, P.C.,* Garden City (*Louis Gerstman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent avers that she has reviewed the contents of the resignation dated May 24, 2005, with her attorney and that she is submitting it voluntarily, and free from coercion and duress. She is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the rules of this Court from seeking reinstatement for at least seven years.

The respondent acknowledges that she is the subject of an ongoing disciplinary proceeding and is aware of the charges of the amended petition filed with this Court. The charges include failing to submit a written answer to a pending disciplinary complaint, failing to diligently pursue a legal matter with which she was entrusted, misleading a client and the petitioner in connection with that matter, failing to file a retainer statement with Office of Court Administration, and communicating directly with a represented party. She acknowledged her inability to successfully defend herself on the merits against those charges.

The respondent represented that she will not take on any new private client matters and will notify her current employer, the Rockland County Public Defender's office, that she has submitted this resignation. The respondent also represents that she will not assume any new matters within the office, will transfer her current caseload to coworkers, or otherwise divest herself of her caseload as soon as practicable.

The respondent asserts that no clients have monetary claims against her at this juncture. She is aware, however, that in any

order permitting her to resign, the Court could require her to make monetary restitution for money or property misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. The respondent is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against her. She specifically waives the right afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner recommends acceptance of the proffered resignation as the most expeditious way to conclude this matter while protecting the public and saving the Court the time and expense of a disciplinary proceeding.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, effective immediately, the respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law, and the previously authorized disciplinary proceeding is discontinued.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and COZIER, JJ., concur.

Ordered that the resignation of the respondent, Elizabeth C. O'Connor, admitted as Elizabeth Catherine O'Connor, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Elizabeth C. O'Connor, admitted as Elizabeth Catherine O'Connor, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Elizabeth C. O'Connor, admitted as Elizabeth Catherine O'Connor, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Elizabeth C. O'Connor, admitted as Elizabeth Catherine O'Connor, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Elizabeth C. O'Connor, admitted as Elizabeth Catherine O'Connor, has been issued a secure

pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated February 2, 2005, is discontinued.